IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| THOMAS F. KANE, | § | |
| | § | |
| Defendant Below, | § | No. 103, 2020 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0612001862 (K) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: March 23, 2020
Decided: May 18, 2020

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **ORDER**

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Thomas F. Kane, has appealed the Superior Court's summary dismissal of his third motion for postconviction relief.  The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Kane's opening brief that the appeal is without merit.  We agree and affirm.

(2)    The record reflects that Kane was arrested in December 2006 and charged with capital murder in the stabbing death of his wife.  In February 2008, Kane pled guilty but mentally ill to first-degree murder, first-degree burglary,

endangering the welfare of a child, and criminal contempt of a protection from abuse order. In exchange for his plea, the State dismissed ten other criminal charges, including murder and weapon offenses, and agreed to recommend a life sentence instead of seeking the death penalty. The Superior Court immediately sentenced Kane to life imprisonment plus twenty-seven years. Kane did not file a direct appeal.

(3) In 2012, Kane filed an untimely motion for postconviction relief under Superior Court Criminal Rule 61. After a Superior Court Commissioner issued a report recommending denial of the motion, Kane sought review of the Commissioner's order and a motion for appointment of counsel. The Superior Court appointed counsel, but subsequently granted counsel's motion to withdraw. Kane filed a motion to amend his petition to include additional claims. The Superior Court granted the motion, but later determined that the motion was improvidently granted in light of the Commissioner's report. The Superior Court treated the new claims as a second motion for postconviction relief. The Superior Court denied both motions in an order dated July 23, 2015. This Court affirmed the Superior Court's decision.[1]

(4) On January 16, 2020, Kane filed his third motion for postconviction relief. Relying on this Court's decision in *Taylor v. State*,[2] Kane argued that the Superior Court failed comply with 11 *Del. C.* § 408(a) and failed to explore his

---

[1] *Kane v. State*, 2016 WL 1165949 (Del. Mar. 17, 2016).
[2] 213 A.3d 560 (Del. 2019).

2

conflicts with counsel. The Superior Court summarily dismissed Kane's motion, finding that it was procedurally barred by Rule 61(d)(2) and 61(i)(1). This appeal followed.

(5) This Court reviews the Superior Court's denial of postconviction relief for abuse of discretion and questions of law *de novo*.[3] The Court must consider the procedural requirements of Rule 61 before addressing any substantive issues.[4] On appeal, Kane argues that he is entitled to relief because: (i) he raised the Superior Court's failure to comply with § 408(a) in his first motion for postconviction relief, but the Superior Court failed to address it; and (ii) he satisfied the pleading requirements of Rule 61(d)(2) and 61(i)(5). These claims are without merit.

(6) At the time of Kane's guilty plea, the relevant portion of § 408(a) stated that:

> Where a defendant's defense is based upon allegations which, if true, would be grounds for a verdict of "guilty, but mentally ill" or the defendant desires to enter a plea to that effect, no finding of "guilty, but mentally ill" shall be rendered until the trier of fact has examined all appropriate reports (including the presentence investigation); has held a hearing on the sole issue of the defendant's mental illness, at which either party may present evidence; and is satisfied that the defendant was in fact mentally ill at the time of the offense to which the plea is entered.[5]

---

[3] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).
[4] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[5] 11 *Del. C.* § 408(a) (2001). This language is substantially similar to the language of the statute that the Court considered in *Taylor*.

3

In his first motion for postconviction relief, Kane argued, among other things, that his counsel and the Superior Court failed to examine all appropriate reports as required by § 408(a). The Superior Court construed this as an ineffective assistance of counsel claim and found that Kane failed to show that his counsel was deficient or that he was prejudiced. Kane did not raise this claim on appeal from the Superior Court's denial of his first motion for postconviction relief and therefore waived consideration of that claim.[6] At this time, he cannot raise another untimely claim challenging the Superior Court's compliance with § 408(a) unless he satisfies an exception to the Rule 61 procedural bars.

(7) Kane, contrary to his contentions, has not satisfied the Rule 61(d)(2) or Rule 61(i)(5) exceptions to the Rule 61 procedural bars. Under Rule 61(d)(2), a second or subsequent postconviction is subject to summary dismissal, unless the movant was convicted after trial and:

> (i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or

> (ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.[7]

---

[6] *Kane*, 2016 WL 1165949, at *2 n.9 ("To the extent Kane raised additional claims in the Superior Court proceedings, his failure to include those claims in his opening brief constitutes a waiver on appeal.").

[7] Super. Ct. Crim. R. 61(d)(2).

Kane cannot invoke Rule 61(d)(2) because he was not convicted after trial and this is his third motion for postconviction relief.[8]

(8) Under Rule 61(i)(5), the procedural bars of Rule 61(i)(1)-(i)(4) do not apply to a claim that the Superior Court lacked jurisdiction or that satisfies Rule 61(d)(2)(i) or (d)(2)(ii). Kane has not tried to assert an actual innocence claim under Rule 61(d)(2)(i), but instead relies on *Taylor* to argue that the Superior Court lacked jurisdiction or that a new rule of constitutional law applies retroactively to his conviction and renders it invalid. He is mistaken.

(9) In *Taylor*, the Superior Court, with the agreement of the parties, conducted the plea colloquy with the defendant, but deferred accepting the defendant's guilty but mentally ill plea until sentencing when the Superior Court would have the presentencing report.[9] One day after the plea colloquy the defendant began asking his counsel to withdraw the plea.[10] After his counsel refused to do so, the defendant filed a *pro se* motion to withdraw his guilty plea.[11] Relying on Superior Court Criminal Rule 47, which prohibits the acceptance of *pro se* filings while a defendant is represented by counsel, the Superior Court refused to consider

---

[8] *See id. See also Windsor v. State*, 2019 WL 327964, at *2 (Del. Jan. 23, 2019) ("Because Windsor was not convicted after trial, but instead pleaded guilty to one charge and no contest to another, he cannot proceed under the exceptions to repetitive motions in Rule 61(d)(2) that he seeks to invoke.").

[9] *Taylor*, 213 A.3d at 564.

[10] *Id.*

[11] *Id.*

5

the motion.[12]  At the sentencing hearing, the defendant again asked to withdraw his guilty but mentally ill plea.[13]  After confirming that the defendant's counsel was not moving to withdraw the plea, the Superior Court accepted the guilty but mentally ill plea and sentenced the defendant to 45 years in prison.[14]

(10)  On appeal, the defendant argued that the Superior Court failed to follow the "sole issue" requirement by accepting the plea and sentencing him during the same hearing and did not consider "all appropriate reports" as required by § 408(a).[15] He also argued that his counsel violated his Sixth Amendment rights when they refused to withdraw his plea and that the Superior Court should have honored his *pro se* request to withdraw his plea. [16]  As to the § 408(a) claims, this Court held that there was no plain error because counsel agreed that the Superior Court could conduct an initial hearing and defer acceptance of the plea to the sentencing hearing.[17]  We concluded that the defendant had the hearing contemplated by § 408(a), the court reviewed available reports, and the defendant did not cooperate with the presentence investigation.[18]  As to the defendant's other claims, we held that his counsel violated his Sixth Amendment rights by refusing to withdraw his

---

[12] *Id.* at 565.
[13] *Id.*
[14] *Id.* at 566.
[15] *Id.* at 563.
[16] *Id.*
[17] *Id.* at 567.
[18] *Id.*

6

plea before the Superior Court accepted it.[19]  We also found that the Superior Court should have permitted defendant to withdraw his plea at the second hearing because the Superior Court had not yet accepted the plea.[20]

(11)   Unlike the defendant in *Taylor*, Kane did not file an appeal.  He did not challenge the Superior Court's compliance with § 408(a) until more than four years after his guilty but mentally plea and sentencing.  There was no presentence report at the time the Superior Court accepted Kane's plea and sentenced him,[21] but the parties had requested immediate sentencing and did not object to the lack of presentence report.  Nor did they object to how the Superior Court held the plea and sentencing hearing.  Kane has not shown that any lack of compliance with § 408(a) resulted in the Superior Court losing jurisdiction.

(12)   He also has not shown that *Taylor* established a new rule of constitutional law that applies retroactively to his conviction and renders it invalid. Unlike the *Taylor* defendant who sought to withdraw his plea almost immediately, Kane did not ask his counsel to withdraw the plea or seek to withdraw the plea until years after he was sentenced.  Kane argues that the Superior Court was required to explore his conflicts with counsel before accepting his plea, but the only sign of a possible conflict at that time was Kane's negative reaction to someone (possibly his

---

[19] *Id.* at 568-69.
[20] *Id.* at 569-70.
[21] The Superior Court had the report of the Delaware Psychiatric Center.

7

counsel) when he first entered the courtroom for his plea and sentencing hearing. When the Superior Court conducted the plea colloquy, Kane indicated that he was not forced to plead guilty and that he was satisfied with his counsel's representation. As this Court previously recognized, Kane's guilty but mentally ill plea was knowing, intelligent, and voluntary.[22] Kane has not shown an exception to the Rule 61 procedural bars and the Superior Court did not err in summarily dismissing his third motion for postconviction relief.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[22] *Kane*, 2016 WL 1165949, at *3 (affirming the Superior Court's denial of Kane's first and second postconviction motions and recognizing that "as the Commissioner properly noted, the record in this case reflects that Kane was competent to enter his guilty plea and that his guilty plea was entered, knowingly, intelligently, and voluntarily.").