IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| PAUL WEBER, | § | |
| | § | |
| Defendant Below, | § | No. 510, 2019 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0408022175 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: June 29, 2020
Decided: July 29, 2020

Before **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices.

## ORDER

After careful consideration of the appellant's opening brief, the appellee's motion to affirm, and the record on appeal, we conclude that the Superior Court's November 7, 2019 order, which adopted the Commissioner's report recommending that the Superior Court summarily dismiss the appellant's second motion for postconviction relief and deny the motion for an evidentiary hearing, should be affirmed. The appellant's postconviction motion was procedurally barred and did not satisfy the pleading requirements of Superior Court Criminal Rule 61(d)(2). Contrary to the appellant's contentions, he did not plead with particularly a new rule of constitutional law that applied to his case retroactively and rendered his convictions invalid. The United States Supreme Court's decision in *McCoy v.*

*Louisiana*[1] is consistent with this Court's decision in *Cooke v. State*[2] and does not apply to the appellant's claim that his counsel should have pursued a particular defense at trial.[3]

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[1] 138 S. Ct. 1500, 1511-12 (2018) (holding that defense counsel's admission of the defendant's guilt over the defendant's objections violated the defendant's Sixth Amendment right to make fundamental choices about his defense).

[2] 977 A.2d 803, 842-46 (Del. 2009) (holding that defense counsel's pursuit of a guilty but mentally ill verdict over the defendant's repeated objections violated the defendant's Sixth Amendment right to make fundamental decisions).

[3] *See, e.g., Taylor v. State*, 213 A.3d 560, 568 (Del. 2019) (recognizing difference between defense counsel's responsibility to manage day-to-day conduct of defense, including what defenses to develop, and defendant's right to make certain fundamental decisions, including whether to withdraw a guilty but mentally plea before it is accepted by the court).