IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JASON T. O'NEIL, | § | |
| | § | |
| Defendant Below, | § | No. 55, 2021 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1107024171A (K) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: March 31, 2021
Decided: April 27, 2021

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

## ORDER

After careful consideration of the appellant's opening brief, the appellee's motion to affirm, and the record on appeal, we conclude that the Superior Court's denial of the appellant's motion for reconsideration of the summary dismissal of his second motion for postconviction relief and the Superior Court's summary dismissal of his third motion for postconviction relief should be affirmed. The appellant, Jason T. O'Neil, could not invoke Superior Court Criminal Rule 61(d)(2) because he was not convicted after trial, but instead entered a *Robinson* plea[1] of guilty but mentally

---

[1] *Robinson v. State*, 291 A.2d 279, 281 (Del. 1972) (permitting the acceptance of a guilty plea in the absence of an admission of guilt).

ill to two counts of first-degree murder.[2]  In addition, he did not plead with particularity new evidence creating a strong inference that he was actually innocent[3] or that *Taylor v. State*[4] established a new, retroactive rule of constitutional law that rendered his convictions invalid.[5]  Nor did O'Neil assert any claim that the Superior Court lacked jurisdiction.[6]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[2] Super. Cr. Crim R. 61(d)(2) (providing that a second or subsequent Rule 61 motion shall be dismissed unless the movant was convicted after trial and satisfies other pleading requirements).

[3] Super. Cr. Crim R. 61(d)(2)(i).  O'Neil contends that another person's DNA was present at the crime scene, but does not identify any new evidence to support this claim or how this would create a strong inference of his actual innocence.  The only evidence O'Neil identifies is a June 29, 2012 letter from the State to his counsel regarding a DNA report for additional samples taken from the crime scene.

[4] 213 A.3d 560, 567-68 (Del. 2019) (holding "defense counsel and the court should not have impeded Taylor in exercising his Sixth Amendment-secured autonomy to control his plea decision when the court had not yet accepted his plea").

[5] Super. Ct. Crim. R. 61(d)(2)(ii).  Unlike Taylor, who objected to pleading guilty but mentally ill and sought to withdraw that plea before the Superior Court accepted it, O'Neil did not object to his plea or seek to withdraw it until two months *after* the Superior Court had accepted his plea and sentenced him.

[6] Super. Ct. Crim. R. 61(i)(5).