**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| STATE OF DELAWARE, | ) | |
|---|---|---|
| | ) | |
| v. | ) | ID No.    1105015873 |
| | ) | |
| DANTE DILLARD, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

On this 9th day of October, 2023, upon consideration of Defendant Dante Dillard's ("Defendant")[1] *pro se* Motion for Reconsideration (the "Motion") made pursuant to Superior Court Rule of Civil Procedure 59(e),[2] the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

1.  On November 10, 2011, November 11, 2011, and December 13, 2011, a licensed psychologist completed a psychological evaluation of Defendant (the "First Evaluation").[3]  On March 16, 2012, Defendant's counsel provided the State of Delaware (the "State") with the First Evaluation.  Defendant's counsel's letter and the enclosed First Evaluation were filed with the Prothonotary on that same day.[4] On April 4, 2012, the State filed a Motion for a Psychological Evaluation pursuant to 11 *Del. C.* § 408 and Superior Court Criminal Rule 12.2, requesting that this Court

---

[1] Defendant is listed elsewhere in the record as Dante Williams.
[2] D.I.s 79, 84.
[3] D.I. 27.
[4] *Id.*

order Defendant to submit to a separate psychiatrist's evaluation before trial.  This Court granted that motion on April 10, 2012.  The subsequent evaluation (the "Second Evaluation") was conducted on June 7, 2012, and submitted into the record.[5]

2. On June 28, 2012, Defendant pled guilty to two counts of Murder in the First Degree, three counts of Possession of a Deadly Weapon During Commission of a Felony, one count of Robbery in the First Degree, one count of Conspiracy in the Second Degree, two counts of Possession of a Deadly Weapon by a Prohibited Person, and one count of Carrying a Concealed Deadly Weapon.[6]

3. Then, on September 7, 2012, Defendant was sentenced to the following: (1) for the Murder charges, two natural life sentences in the Department of Correction custody at Level V supervision; (2) for the Possession During Commission of a Felony charges, a total of forty-five years of Level V supervision; (3) for the Robbery charge, twenty years of Level V supervision; (4) for the Conspiracy charge, two years of Level V supervision, suspended for one year of Level III supervision; (5) for the Possession by Person Prohibited charges, a total of sixteen years of Level V supervision; and (6) for the Carrying charge, two years of

---

[5] D.I. 79.
[6] *See generally State v. Dillard*, Del. Super., No. 1105015873, Rennie, J. (Jan. 11, 2021) (setting forth procedural history of the case).

Level V supervision, suspended for one year of Level IV supervision, followed by one year of Level III supervision.[7]

4. Since the time of Defendant's sentencing, he has filed various motions requesting to invalidate his sentence. This Court denied his motion for correction of an illegal sentence on January 11, 2021.[8] Next, this Court denied his first motion for postconviction relief on February 23, 2022.[9] Then, on June 30, 2023, this Court denied his second motion for postconviction relief because it was procedurally barred pursuant to the time limitation of Superior Court Criminal Rule 61(i)(1).[10]

5. On July 9, 2023, Defendant filed the instant Motion pursuant to Superior Court Rule of Civil Procedure 59(e),[11] in which he asks this Court to reconsider its June 30, 2023 denial of his second motion for postconviction relief.[12]

6. Rule 59(e) provides that "[a] motion for reargument shall be served and filed within 5 days after the filing of the Court's opinion or decision." Motions for reargument served and filed more than five days after the filing of the relevant

---

[7] *See id.*
[8] *Id.*
[9] *State v. Dillard*, 2023 WL 4363898, at *1 n.1 (Del. Super. June 30, 2023). The Delaware Supreme Court then denied Defendant's appeal of this Court's decision. *Id.*
[10] *Id.* at *1-2.
[11] D.I. 84. Defendant does not specifically cite to Rule 59(e) in the Motion, but he asks the Court to reconsider its decision.
[12] *Id.*

decision are denied.[13]  This five-day time period cannot be extended.[14]  This Court denied Defendant's second motion for postconviction relief on June 30, 2023, and Defendant filed the instant Motion more than one week later on July 9, 2023.  Hence, the Motion fails the time limitation of Rule 59(e).

7.  Though the Motion is procedurally barred for a lack of timeliness, this Court exercises its discretion to address the substantive issues raised in the Motion.

8.  First, Defendant argues that before and during the commission of the relevant criminal conduct and the subsequent legal proceedings, he experienced the effects of paranoid schizophrenia untreated by psychotropic medication.[15] Defendant contends that submission of the First Evaluation into evidence would have shown (1) that he lacked the mental competency to represent himself in court; (2) grounds for a verdict of "guilty but mentally ill" pursuant to 11 *Del. C.* § 408; and (3) that his criminal conduct was performed in justifiable self-defense.[16]

---

[13] Super. Ct. Crim. R. 57(d) ("In all cases not provided for by rule or administrative order, the court shall regulate its practice in accordance with the applicable Superior Court civil rule or in any lawful manner not inconsistent with these rules or the rules of the Supreme Court."); *see State v. Wescott*, 2022 WL 1617687, at *1 (Del. Super. May 23, 2022) (denying reargument motion in criminal case for untimeliness); *Thomas v. State*, 2019 WL 211812, at *1 (Del. Jan. 15, 2019) (affirming denial of reargument motion in criminal case for untimeliness); *Webb v. State*, 2016 WL 6276905, at *1 (Del. Oct. 26, 2016) (same); *Young v. State*, 2016 WL 7103409, at *1 (Del. Dec. 5, 2016) (same).

[14] *Wescott*, 2022 WL 1617687, at *1 (citing *Dickens v. State*, 2004 WL 1535814, at *1 (Del. June 25, 2004)) ("The time allotted for a motion for reargument cannot be extended.").

[15] D.I. 84.

[16] *Id.*  Defendant also contends that the First Evaluation was improperly sealed, rather than submitted into evidence or considered in his case.  *Id.*  The sealing of the First Evaluation from public view did not affect the Court's interpretation of that document in Defendant's case.

9. Reargument enables the Court to reconsider prior findings of fact or conclusions or judgments of law. A motion for reargument is denied unless the movant demonstrates that the Court overlooked controlling precedent or legal principle or misapplied the law in a way that determined the outcome of its decision. A motion for reargument should not be made to relitigate arguments already considered by the Court.[17]

10. Defendant did not represent himself in court without counsel, so his first argument about his competency to proceed *pro se* is without merit.

11. A defendant can plead "guilty but mentally ill" only after "the trier of fact has examined all appropriate reports . . . ; has held a hearing on the sole issue of the defendant's mental illness . . . ; and is satisfied that the defendant did in fact have a mental illness at the time of the offense."[18] However, 11 *Del. C.* § 408 does not require the Court to hold a mental illness hearing without such a plea, neither does it compel a defendant to plead "guilty but mentally ill" or raise every conceivable defense available.

12. When Defendant pled guilty on June 28, 2012, he did not plead "guilty but mentally ill." Hence, whether the First Evaluation contained grounds for a plea

---

[17] *State v. Runyon*, 2008 WL 4899414 (Del. Super. Aug. 29, 2008).
[18] 11 *Del. C.* § 408(a).

5

of "guilty but mentally ill" is irrelevant because Defendant did not make such a plea in his case and the trier of fact did not make such a finding.

13. Pursuant to 11 *Del. C.* § 464(c), use of deadly force can be justified when "the defendant reasonably believes that such force is necessary to protect the defendant against death, serious physical injury, kidnapping or sexual intercourse compelled by force or threat." The First Evaluation does not show that Defendant reasonably believed he needed to kill to protect himself. It merely states that a variety of factors, including paranoid schizophrenia untreated by psychotropic medication, contemporaneous use of "crack cocaine and bath salts," and a personal history of child abuse likely influenced Defendant's mental perceptions on the date of the killing. This fact set does not justify deadly force pursuant to the statute.

14. Second, Defendant argues that the First Evaluation showed the Court and Defendant's counsel that Defendant was incapable of entering a guilty plea. In his view, the Constitution required the Court to conduct a competency hearing before he could voluntarily waive his right to a trial by entering a guilty plea, but no such hearing was conducted in his case.[19] This Court has construed such claims as ineffective assistance of counsel claims.[20]

---

[19] D.I. 84.
[20] *Kane v. State*, 2020 WL 2530218, at *2 (Del. May 18, 2020) (citing *Kane v. State*, 2016 WL 1165949, at *2 n.9 (Del. Mar. 17, 2016)) (argument that Court failed to examine all reports under § 408(a) construed as ineffective assistance of counsel claim).

6

15. In support of his constitutional claim, Defendant cites to *Taylor v. State*[21] and *Appel v. Horn*.[22] In *Taylor*, the Delaware Supreme Court held that this Court should have allowed the defendant to withdraw his "guilty but mentally ill" plea.[23] Unlike in *Taylor*, Defendant here never entered a "guilty but mentally ill" plea.[24] Likewise, in *Appel*, the Third Circuit held that the defendant's Sixth Amendment rights were violated when his attorneys failed to subject arguments about his competency to "meaningful adversarial testing" by "failing to make any investigation" into the defendant's mental health.[25] Unlike in *Appel*, here Defendant's counsel, on or before November 10, 2011, referred him to a licensed psychologist to evaluate whether his mental state at the time of the criminal conduct fit the "guilty but mentally ill" standard. This referral resulted in the First Evaluation.[26] On February 1, 2012, Defendant's counsel filed an *ex parte* motion to transport Defendant for diagnostic magnetic resonance imaging testing of his brain.[27] Thereafter, on March 16, 2012, Defendant's counsel submitted the First Evaluation into the record.[28] Thus, defendant's counsel did not fail to investigate into his mental

---

[21] 213 A.3d 560 (Del. 2019).
[22] 250 F.3d 203 (3d Cir. 2001).
[23] 213 A.3d at 569-70.
[24] *See Kane*, 2020 WL 2530218, at *3 (rejecting defendant's argument based on *Taylor* in similar circumstances).
[25] 250 F.3d at 216-18.
[26] D.I. 27.
[27] *Id.*; D.I. 79.
[28] D.I. 79.

health or to subject arguments about his competency to "adversarial testing." Hence, neither holding applies here or points in favor of granting Defendant's Motion. The record does not show that Defendant's counsel's conduct, before his guilty plea, failed to satisfy the "objective standard of reasonableness." This is required to support an ineffective assistance of counsel claim and is not present here.[29]

16. Pursuant to 11 *Del. C.* § 408(a), the trier of fact is required to hold "a hearing on the sole issue of the defendant's mental illness, at which either party may present evidence" only if a finding of "guilty but mentally ill" will be rendered. If no plea of "guilty but mentally ill" was rendered, as in Defendant's case, the Court need not have held a competency hearing.[30]

17. Third, Defendant argues that his prior attorney's failure to present the First Evaluation to the Court amounts to a constructive denial of his right to counsel.[31] Constructive denial of counsel is present when there is "a 'complete breakdown,' either 'in the adversarial process' or in attorney-client communication."[32] Here, no such breakdown occurred. Defendant's counsel sent

---

[29] *See Neal v. State*, 80 A.3d 935, 942 (Del. 2013) (citing *Strickland v. Washington*, 466 U.S. 668, 689 (1984)).

[30] *Sanders v. State*, 585 A.2d 117, 127 (Del. 1990) ("[T]he hearing procedures of section 408(a) apply only when a defendant offers a plea of 'guilty but mentally ill.'").

[31] D.I. 84.

[32] *Owens v. State*, 2023 WL 4534933, at *5 (Del. July 13, 2023) (quoting *Reed v. State*, 258 A.3d 807, 825 (Del. 2021)); *see, e.g.*, *Appel v. Horn*, 250 F.3d 203, 206-07, 217 (3d Cir. 2001) (holding that continuing to serve as defendant's counsel despite his protestations while failing to provide information or make arguments in defendant's favor constituted a constructive denial of counsel).

the First Evaluation to the Prothonotary and the State, and it was added to the record.[33] Defendant's counsel's pursuit of a legal strategy that was later viewed by Defendant as ineffective is not sufficient to demonstrate constructive denial of the right to counsel.[34]

18. Fourth, Defendant argues that this Court should appoint him counsel to address the First Evaluation and the associated issues related to Defendant's competency to participate in the prior legal proceedings.

19. Pursuant to Rule 61(e)(1), this Court can appoint counsel for an indigent movant if the request is "filed contemporaneously with the movant's postconviction motion." Without the accompanying Rule 61 postconviction motion, the movant waives counsel.[35] Defendant's instant request for appointment of counsel is filed with his Rule 59(e) Motion for Reconsideration, not a postconviction motion, so this Court need not appoint counsel for Defendant.

20. Further, Defendant has previously filed two postconviction motions with this Court. Even if Defendant had filed the instant Motion with a third postconviction motion, Rule 61(e)(5) provides that a judge has discretion to appoint counsel for an indigent movant upon a subsequent postconviction motion if the judge

---

[33] D.I. 27.

[34] *Neal*, 80 A.3d 935 at 942 (quoting *Strickland*, 466 U.S. at 692) ("Because it is 'all too easy for a court[] examining counsel's defense after it has proved unsuccessful' to succumb to the 'distorting effects of hindsight,' counsel's actions are afforded a strong presumption of reasonableness.").

[35] Super. Ct. Crim. R. 61(e)(1).

determines that the motion satisfies the requirements of subparagraph (d)(2)(i) or (d)(2)(ii) of the rule. This occurs when the movant pleads with particularity "that new evidence . . . creates a strong inference that the movant is actually innocent" or "that a new rule of constitutional law, made retroactive . . . , applies to the movant's case and renders the conviction . . . invalid." After review of the pleadings and the record in this case, this Court is not persuaded that Defendant has pled with particularity that new evidence creates a strong inference of his innocence or that a new rule of constitutional law renders his conviction invalid. Accordingly, even if Defendant had included his request for appointment of counsel with a postconviction motion, that request would be denied.

21. Fifth and finally, Defendant requests copies of the (1) indictment; (2) plea agreement; (3) sentencing order; and (4) First Evaluation.[36] In light of this Court's denial of the instant Motion and Defendant's previous motions, Defendant has failed to show a justifiable need for these documents.[37]

---

[36] D.I. 84.

[37] *See generally State v. Dillard*, Del. Super. No. 1105015873, Rennie, J. (Feb. 23, 2022), (denying Transcript Request for documents including psychological reports); *Petition of Brown*, 1998 WL 665021 (Del. July 20, 1998) (denying petition for Supreme Court to require Superior Court Prothonotary to produce copies of court documents).

For all the forgoing reasons, the Motion is hereby **DENIED**.


**IT IS SO ORDERED.**

_____
Sheldon K. Rennie, Judge


Original to Prothonotary

cc:    Dante Dillard (SBI #00185791)

11