**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE      )
                              )
     v.                    )      ID No. 1809000341
                              )
DARNELL O. FARRARE    )
                              )
          Defendant.     )

**ORDER**

And now, this 12th day of January 2024, the Court makes the following findings:

1. The Defendant – along with over 20 others – was caught up in a wiretap investigation that led to a racketeering indictment.[1] Although there was a suppression ruling concerning the wiretap that went against the defendants, it does not appear that Defendant or his counsel joined in the motion.[2]

2. Rather, Defendant elected to tender a guilty plea to one count of racketeering and one count of drug dealing.[3] On June 25, 2021, he was sentenced to 12 years in prison, followed by decreasing levels of community supervision.[4]

---

[1] Appendix to Memo. in Supp. Mot. to Withdraw, pp. A26-A52.
[2] *Id.* at A119-A122.
[3] *Id.* at A135-A145.
[4] *Id.* at A167-A172.

3. No appeal was taken by the Defendant. Then, in May, 2022, the Defendant filed a *pro se* motion under Super. Ct. Crim. R. 61 for postconviction relief.[5]

4. In order to invoke the Court's review of a conviction using the device of Rule 61, the movant must pass the procedural hurdles laid out in the rule. First, the motion must be presented within one year of the date on which the conviction became final.[6] Defendant has cleared this hurdle by filing 11 months after his sentencing. It is also Defendant's first postconviction motion under Rule 61 and satisfies the rule against second and subsequent motions.[7]

5. The substance of Defendant's motion relates to the wiretap(s) and the fruits of the wiretap evidence, which led to search warrants and the recovery of evidence against the Defendant.[8] His thesis is that the wiretap warrants were not issued based upon a finding of probable cause and that because they were improperly authorized, evidence was seized that should not have been and he pled guilty because of that evidence against him.[9]

---

[5] *Id.* at A173-A176.
[6] Super. Ct. Crim. R. 61(i)(1).
[7] Super. Ct. Crim. R. 61 (d)(1)-(2).
[8] Appendix to Memo. in Supp. Mot. to Withdraw, pp. A177-A203.
[9] *Id.* at A189-A191.

2

6. But the question whether the wiretap warrants contained probable cause was fully litigated and decided by the Court, albeit by other defendants in the same racketeering indictment.[10] Counsel for co-defendant Fairley and counsel for co-defendant Grayson filed motions to suppress the wiretap evidence, it was duly briefed by the parties and ultimately denied from the bench.[11] Even if we accept that Farrare's trial counsel fell below an objective standard of reasonableness in not filing a suppression motion – and there is no reason to do so as counsel says he reviewed the warrants and found no basis to challenge them[12] – Farrare cannot establish prejudice since the Court found probable cause for the intercepts and search warrants.

7. Putting aside that Farrare's complaint about his counsel not filing a suppression motion goes nowhere since the Court has previously ruled that the warrants were proper, it is appropriate to recall that he pled guilty. A guilty plea is a signal event in the life of a criminal case. The defendant controls the decision to plead guilty, not his attorney.[13]

---

[10] *Id.* at A53-A134.
[11] Appendix to Memo. in Supp. Mot. to Withdraw, pp. A119-A122.
[12] *See* Counsel's Letter to the Court, Sept. 29, 2022.
[13] *See, e.g.*, *Taylor v. State*, 213 A.3d 560, 567-70 (Del. 2019) (discussing a defendant's "autonomy interest" in electing to plead guilty).

3

8. This was a case in which the Defendant had a serious legal difficulty. Not only was he picked up on a racketeering wiretap, but a search warrant executed as the police closed down the phone intercepts resulted in the seizure of about 2 kilos of heroin from the Defendant's residence.[14] In addition, the Defendant's record includes 2 prior felony convictions for drug dealing as well as a felony assault. It is thus understandable that his counsel says, "I seem to recall discussing this [the lack of merit in a suppression motion] with Mr. Fararre and suggesting he focus his attention elsewhere" such as "how best to defend/mitigate the allegations."[15]

9. The Court recalls what the Delaware Supreme Court said in *Ploof v. State*: "Rule 61 is intended to correct errors in the trial process, not to allow defendants unlimited opportunities to relitigate their convictions."[16] While collateral review helps preserve the integrity of the truth finding process when errors occur, such review also is in a natural tension with finality in judgments. Thus, Defendant's argument that the Court should now conduct a review of a suppression matter that was not raised prior to entering his guilty plea rings hollow.

---

[14] Appendix to Memo. in Supp. Mot. to Withdraw, pp. A148.
[15] *See* Counsel's Letter to the Court, Sept. 29, 2022.
[16] *Ploof v. State*, 75 A.3d 811, 820 (Del. 2013); *see State v. Brooks,* 2022 WL 2229780, at *5 (Del. Super. June 21, 2022).

10. Unlike federal courts, which permit a "conditional guilty plea" that preserves a pretrial suppression ruling for review on appeal, [17] there is no provision in the Delaware rules that allows for the preservation of suppression issues once the defendant tenders a guilty plea. [18] It is ironic that the Defendant, having waived his right to a suppression hearing by tendering a guilty plea, now would have the Court undo his guilty plea by granting review of the right (to seek suppression) he waived by pleading guilty.

11. The Court has reviewed the arguments of the *pro se* pleading and has carefully reviewed the brief in support of the motion to withdraw as Rule 61[19] counsel. These counsel, after a Court appointed, assiduous review of the record, Mr. Farrare's claims and the underlying law, have found no good faith basis to press any argument favoring a grant of Rule 61 relief. [20] They have supported this conclusion with a thorough and candid review of all the evidence and the arguments. They have found no good faith basis to further press for relief under Rule 61[21] and Defendant has added no formal protestations on the record. The

---

[17] *See* Fed. R. Crim. Proc. 4 U.S.C.A. § 11 (West 2024).
[18] *See generally Scarborough v. State*, 2015 WL 4606519 at *3 (Del. July 30, 2015); *Wilson v. State,* 2010 WL 572114, at *2 (Del. Feb. 18, 2010); *Smith v. State,* 2004 WL 120530, at *1 (Del. Jan. 15, 2004).
[19] Super. Ct. Crim. R. 61.
[20] *Id.*
[21] *Id.*

Court has likewise reviewed the file and the brief of counsel and concurs that no relief is available under Rule 61.[22]

For all the reasons stated above, Farrare's Motion for Postconviction Relief is **DENIED** and Rule 61 Counsel's Motion to Withdraw is **GRANTED**.

**IT IS SO ORDERED.**

/s/ Charles E. Butler
Charles E. Butler, Resident Judge

cc:   Prothonotary
Cynthia F. Hurlock, Deputy Attorney General
Michael Cooksey, Deputy Attorney General
Patrick J. Collins, Esquire
Kimberly A. Price, Esquire

---

[22] *Id.*

6