# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,    )
    )
        Plaintiff,    )
    )
    )    Cr. ID No. 1212015998 A & B
    )
JOSHUA C. STEPHENSON,    )
    )
        Defendant.    )

Submitted: April 19, 2021
Decided: May 28, 2021

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S SECOND MOTION AND ANY OTHER PENDING RULE 61 MOTION FOR POSTCONVICTION RELIEF
## SHOULD BE DENIED
## AND
## DEFENDANT'S MOTION TO STAY SHOULD BE DENIED
## AND
## DEFENDANT'S MOTION FOR AN EVIDENTIARY HEARING AND APPOINTMENT OF COUNSEL SHOULD BE DENIED

John W. Downs, Esquire and Barzilai K. Axelrod, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorneys for the State.

Joshua C. Stephenson, James T. Vaughn Correctional Center, Smyrna, Delaware, *pro se*.

PARKER, Commissioner

This 28th day of May 2021, upon consideration of Defendant's second (and any other subsequent pending) Rule 61 motion for postconviction relief, it appears to the Court that:

## BACKGROUND, FACTS AND PROCEDURAL HISTORY

1. Defendant Joshua C. Stephenson was indicted for first-degree murder, possession of a firearm during the commission of a felony ("PFDCF"), possession of a firearm by a person prohibited ("PFBPP"), third-degree assault, and endangering the welfare of a child arising out of the shooting and killing of Myron Ashley on Christmas Eve, 2012.[1]

2. Stephenson had a long history of mental health issues. After his arrest, a competency evaluation was ordered. Three mental health professionals, including a psychiatrist retained by the defense, opined in five different reports that he was competent to stand trial.[2]

3. At the time of the shooting, Stephenson's sister, who was the victim's girlfriend, was upstairs when she heard the gunshots. Only two individuals were in the living room at the time of the deadly shooting: Stephenson and the victim. Stephenson's sister rushed downstairs after hearing the gunshots and asked

---

[1] *Stephenson v. State,* 2020 WL 821418, *1 (Del); *State v. Stephenson,* 2014 WL 5713305, * 1 (Del.Super.).
[2] *Stephenson v. State,* 2020 WL 821418, *1 (Del).

1

Stephenson what he had done. Stephenson punched her in the face and fled.[3] The gun used to kill the victim was on the loveseat and shell casings and a bullet were found in living room.[4]

4. Stephenson was arrested the following day. Swabs taken of Stephenson's hands after his arrest tested positive for gunshot residue. In addition, DNA analysis showed that the blood on Stephenson's jacket was that of the victim.[5]

5. Stephenson was offered a plea to Guilty But Mentally Ill ("GBMI") to Murder in the First Degree. Stephenson rejected the plea. He discussed the plea with counsel and personally decided not to accept a plea to GBMI to Murder in the First Degree.[6]

6. Stephenson proceeded to trial. He worked with his legal team to plan a trial strategy.[7] Trial counsel had hours of discussion with Stephenson about his defense.[8] The defense strategy was to contest the sufficiency of the evidence rather than assert a defense that Stephenson was guilty of the shooting but mentally ill. The defense sought to establish that Stephenson shot Ashley in self-defense. Counsel elicited testimony from various witnesses in an attempt to establish that Stephenson and Ashley had struggled that night and that Stephenson had not gone to the home with

---

[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] January 7, 2015 Trial Transcript, at pgs. 111-113.
[7] Superior Court Order dated April 8, 2019 denying Defendant's Amended Rule 61 Motion, at pg. 27.
[8] June 9, 2014 Hearing Transcript, at pg. 51.

any intent to do any harm. The defense objective was to attempt to establish that with Stephenson's mental issues, his thought process, he believed he was acting in self-defense.[9]

7.     Counsel thought that by using this strategy there was a good chance the jury would return a lesser-included offense verdict. Counsel was correct. The jury did not convict Stephenson of Murder in the First Degree. The jury did, in fact, return a lesser-included verdict. The jury found Stephenson guilty of second-degree murder, a lesser-included offense of first-degree murder.[10]

8.     On January 13, 2015, following a six-day trial, a jury found Stephenson guilty of PFDCF, endangering the welfare of a child, and second-degree murder. The jury found Stephenson not guilty of offensive touching. The Superior Court found Stephenson guilty of PFBPP in a separate bench trial.

9.     On June 17, 2015, the Superior Court sentenced Stephenson to life imprisonment, plus a term of years.

---

[9] June 9, 2014 Hearing Transcript, at pg. 50-52.
[10] *Stephenson v. State,* 2020 WL 821418, *1 (Del).

10. In Stephenson's direct appeal[11] and his first Rule 61 motion for postconviction relief,[12] his claims revolved around his sufficiency of the evidence defense and the execution of his self-defense strategy.

11. On Stephenson's direct appeal, on June 22, 2016, the Delaware Supreme Court affirmed the judgment of the Superior Court.[13]

12. On Stephenson's first Rule 61 motion, counsel was appointed to represent Stephenson. Rule 61 counsel raised the claim that his trial counsel was ineffective for failing to advise Stephenson to testify to support his claim of self-defense. In addition to the claim raised by counsel in Stephenson's first Rule 61 motion, Stephenson was permitted to supplement his counsel's briefing and raise additional *pro se* claims on his own. Following a full, careful, and thorough review of the record and submissions, the Superior Court found that trial counsel was not ineffective in her defense of Stephenson.[14] On appeal, the Delaware Supreme Court

---

[11] See, as to direct appeal- *Stephenson v. State,* 2016 WL 3568170 (Del.)(Stephenson claimed that the trial court erred in preventing the introduction of expert psychiatric testimony to support his self-defense claim).

[12] See, as to first Rule 61 motion- Superior Court Order dated April 8, 2019 denying Defendant's Amended Rule 61 Motion, *affirmed*, *Stephenson v. State,* 2020 WL 821418 (Del.)(Stephenson claimed that trial counsel was ineffective for, among other things, advising Stephenson against testifying at trial).

[13] *Stephenson v. State,* 2016 WL 3568170 (Del.).

[14] Superior Court Docket No. 176 in ID No. 1212015998A and Superior Court Docket No. 46 in ID No. 1212015998B- Superior Court Order dated April 8, 2019 denying Defendant's Amended Rule 61 Motion, *affirmed*, *Stephenson v. State,* 2020 WL 821418 (Del.).

likewise concluded that following a careful review of the record, Stephenson's Rule 61 motion was without merit.[15]

## STEPHENSON'S SECOND RULE 61 MOTION

13. On July 6, 2020, Stephenson filed the subject Rule 61 Postconviction Relief Motion, his second Rule 61 motion. On January 4, 2021, Stephenson refiled the same Rule 61 Postconviction Relief Motion. His third Rule 61 motion is identical to his second Rule 61 motion.

14. In connection with these motions, Stephenson has also requested the appointment of counsel, an evidentiary hearing, and a stay of these proceedings pending a submission to the Delaware Supreme Court requesting that the decision in *Taylor v. State,* 213 A.3d 560 (Del. 2019) be applied retroactively to him.

15. For the reasons discussed below, Stephenson has failed to meet the pleading requirements allowing him to proceed with his second (and any subsequent) Rule 61 motion. As such, his request for the appointment of counsel and an evidentiary hearing is denied. Because the Delaware Supreme Court's ruling in *Taylor v. State,* 213 A.3d 560 (Del. 2019) is inapplicable in this case, Stephenson's request for a stay of these proceedings pending a submission to the Delaware Supreme Court seeking retroactivity of the *Taylor* decision to Stephenson, is likewise denied.

---

[15] *Stephenson v. State,* 2020 WL 821418 (Del.).

16. In *Taylor v. State,* 213 A.3d 560 (Del. 2019), the defendant entered a plea of guilty but mentally ill to manslaughter and possession of a deadly weapon during the commission of a felony. The Superior Court conducted the plea colloquy but deferred accepting the plea until a later sentencing hearing. The day after the plea was entered, but before the acceptance of the plea, the defendant wanted to withdraw his plea. The Superior Court would not consider defendant's request to withdraw his plea because he had counsel. Counsel did not want to withdraw the plea believing the plea to be in the best interest of the defendant. The Delaware Supreme Court held that the defendant's autonomy interest in his plea decision includes the final say whether to withdraw a guilty but mentally ill plea under the GBMI statute, 11 *Del. C.* § 408, before the plea is accepted by the court.[16]

17. *Taylor* did not set forth any new right, rather the Delaware Supreme Court was confronted with how to handle the "unusual and difficult case" when a defendant wants to withdraw a guilty but mentally ill plea before it is accepted by the court.[17]

18. The *Taylor* case is not applicable here. In this case, Stephenson made the decision to reject a GBMI plea offer and to proceed to trial. In this case, Stephenson did not seek to withdraw a GBMI plea prior the court's acceptance. The trial record

---

[16] *Taylor,* 213 A.3d at 568.
[17] *Taylor,* 213 A.3d at 563 ("We sympathize with the court and counsel in how to handle this unusual and difficult case"); at 568 ("Under the unusual circumstances of this case, defense counsel and the court should not have impeded Taylor in exercising his Sixth Amendment-secured autonomy to control his plea decision when the court had not yet accepted his plea.").

is devoid of any evidence that Stephenson wanted to pursue a GBMI claim but that trial counsel nevertheless refused to implement that strategy on his behalf.

19.     The record reflects that Stephenson rejected a plea to GBMI to Murder in the First Degree, and that Stephenson worked with his legal team to challenge the State's case based on the sufficiency of the evidence and to employ a self-defense strategy. The record is devoid of any evidence of any disagreement between trial counsel and Stephenson as whether to proceed with a GBMI defense or a sufficiency of the evidence defense. The records reflects that Stephenson and counsel always were in agreeance that the defense would be based on a sufficiency of the evidence, self-defense/justification for the shooting of the victim.

20.     It is important to emphasize that Stephenson expressly rejected a GBMI plea. If he had pursued a GBMI defense at trial, it would have been on the indicted charges of murder in the first degree.  A GBMI defense presented by Stephenson would have been that he was guilty of Murder in the First Degree but due to his mental illness it substantially disturbed his thinking, feeling or behavior and that he was left with insufficient willpower to refrain from doing it.[18]  If this were the defense, in all likelihood Stephenson would have been convicted of Murder in the First Degree, since his defense would be that he was guilty, but mentally ill.  By pursuing a

---

[18] 11 *Del. C.* § 401(b).

7

sufficiency of the evidence defense, Stephenson was convicted of the lesser Murder in the Second Degree.

21.     In the subject Rule 61 motion, Stephenson raises two claims both of which are premised on alleged newly recognized rights or procedures set forth in *Taylor v. State,* 213 A.3d 560 (Del. 2019), regarding the GBMI statute. In the subject motion, Stephenson essentially claims that he was deprived of the right to decide whether to plead GBMI.

22.     Stephenson must first satisfy the pleading requirements before he is entitled to proceed with this motion.

23.     Rule 61 mandates that in second or subsequent postconviction motions, the motion shall be summarily dismissed unless the defendant establishes: 1) that *new* evidence exists that creates a strong inference that the defendant is actually innocent of the charges for which he was convicted, or 2) the existence of a *new* rule of constitutional law made retroactive to cases on collateral review rendered his convictions invalid.[19] If it plainly appears from the motion for postconviction relief that the movant is not entitled to relief, the Court may enter an order for its summary dismissal and cause the movant to be notified.[20]

---

[19]  Super.Ct.Crim.R. 61(d)(2) & (5); and Rule 61(i).
[20]  Super.Ct.Crim.R. 61(d)(5).

24.     In this case, Stephenson has not pled that any *new* evidence exists that creates a strong inference that he is actually innocent of the charges for which he was convicted or that there is a *new* rule of law made retroactive to cases on collateral review that would render his conviction invalid.

25.     Stephenson bases his claims raised herein on a hearing that occurred on June 9, 2014.  That hearing took place prior to his trial in January 2015 on several pre-trial motions.  Some of the rulings from that hearing were memorialized in an opinion by the Superior Court in a decision dated June 20, 2014.[21] In denying Stephenson's direct appeal, the Delaware Supreme Court affirmed the Superior Court's judgment on the basis of that June 20, 2014 memorandum opinion and the court's sentence order of June 17, 2015.[22]

26.     Stephenson could have raised any alleged claims from that June 9, 2014 hearing at the time of trial in January 2015, on direct appeal, or in his first timely filed Rule 61.  Stephenson had the assistance of counsel on his first timely filed Rule 61 and was permitted to supplement his counsel's submission with *pro se* claims.  If Stephenson genuinely believed any claims arising out of the June 9, 2014 hearing had any merit, he could have timely raised such claims.

---

[21] See, *State v. Stephenson,* 2014 WL 2891626, ftnt. 1 (Del.Super.).
[22] *Stephenson v. State,* 2016 WL 3568170 (Del.).

27. All of the facts upon which Stephenson bases his present claims were known to him at the time of trial. In order to proceed with this second Rule 61 motion, Stephenson must allege the existence of *new* evidence that creates a strong inference of his actual innocence. He does not allege the existence of any new evidence, let alone the existence of new evidence that would create a strong inference that he was actually innocent of the charges.

28. As to the allegation of the existence of a *new* rule of law, in *Taylor,* the Delaware Supreme Court merely clarified that under the GBMI statute (11 *Del. C.* § 408), a defendant has the final say as to whether to withdraw a GBMI plea before the plea is accepted by the court. The Delaware Supreme Court did not set forth a new rule of law, it clarified how an existing rule of law is to be applied in the "unusual and difficult facts" presented in *Taylor*.

29. The unusual and difficult facts presented in *Taylor* do not exist in this case. Here, Stephenson did not seek to withdraw a GBMI plea before the plea was accepted by the court. Stephenson outrightly rejected his GBMI plea. There is absolutely nothing in the record to suggest that Stephenson wanted to pursue a GBMI claim but that trial counsel refused to allow him to do so. Following Stephenson's rejection of his GBMI plea, he then proceeded to trial on a sufficiency of the evidence defense, without objection or dissension. *Taylor* is not applicable to

10

this case. Stephenson has failed to meet the pleading requirements allowing him to proceed with this Rule 61 motion.

30.     Stephenson's Rule 61 motion also falls short of other procedural requirements that must be met in order to proceed with the merits of his claims. If a procedural bar exists, then the claim is barred, and the court should not consider the merits of the claim.[23]

31.     Rule 61 (i) imposes four procedural imperatives: (1) the motion must be filed within one year of a final order of conviction;[24] (2) any basis for relief must be asserted in the first timely filed motion for postconviction relief absent exceptional circumstances (ie. discovery of *new* evidence that creates a strong inference of defendant's actual innocence or *new* rule of constitutional law that would render the conviction invalid) warranting a subsequent motion being filed; (3) any basis for relief must have been asserted at trial or on direct appeal as required by the court rules unless the movant shows prejudice to his rights and cause for relief; and (4) any basis for relief must not have been formally adjudicated in any proceeding. The bars to relief however do not apply to a claim that the court lacked jurisdiction or to a claim that new evidence exists that movant is actually innocent or that there is a new law, made retroactive, that would render the conviction invalid.[25]

---

[23] Super.Ct.Crim.R. 61(i).
[24] Super.Ct.Crim.R. 61(i)(1).
[25] Super.Ct.Crim.R. 61.

32. In the subject action, Rule 61(i)(1) precludes this Court from considering Stephenson's claims raised herein because his motion is time-barred.[26] To be timely, a motion for postconviction relief must be filed within one year after the judgment of conviction is final.[27] Stephenson was sentenced on June 17, 2015, and the Delaware Supreme Court affirmed the judgment of the Superior Court on June 22, 2016, with the mandate issuing on July 13, 2016. Stephenson's conviction became final no later than July 13, 2016.[28] This motion was filed on July 6, 2020, over four years later, outside the applicable one-year limit. Stephenson's claims, at this late date, are time-barred.

33. Rule 61(i)(2) and Rule 61(i)(5) further preclude this Court's consideration of Stephenson's motion since, as previously discussed, Stephenson has not satisfied the pleading requirements for proceeding with this motion. Stephenson has not established that *new* evidence exists that creates a strong inference of his actual innocence or that the existence of a *new* rule of constitutional law made retroactive to this case would render his conviction invalid.

34. In the subject motion, Stephenson is unable to overcome the procedural hurdles of Rule 61(i)(3) by showing an exception to Rule 61(i)(5) applies. Stephenson has not established that the court lacked jurisdiction, that any new

---

[26] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[27] Super.Ct.Crim.R. 61(i)(1).
[28] Super.Ct.Crim.R. 61(m).

evidence existed to create a strong inference that he is actually innocent of the underlying charges, or that a new rule of constitutional law exists that would render his conviction invalid. As such, Stephenson has failed to meet the pleading requirements allowing him to proceed with his Rule 61 motion.

35. Finally, Rule 61(i)(4) precludes this Court's consideration of the claims presented herein to the extent that those claims were raised and adjudicated on direct appeal or in Stephenson's first motion for postconviction relief. In Stephenson's first Rule 61 motion, the Superior Court held, and the Delaware Supreme Court affirmed, that Stephenson's trial counsel was not ineffective in the handling of his trial and defense strategy.

36. To the extent Stephenson is re-raising, re-stating or re-couching claims previously raised on direct appeal or in his first timely filed Rule 61 motion, any such claims are procedurally barred as previously adjudicated.[29]

37. Stephenson has not established any prejudice to his rights and/or cause for relief. Stephenson had time and opportunity to raise any issue raised herein in a timely filed postconviction motion. There is no just reason for Stephenson's delay in doing so. Having been provided with a full and fair opportunity to present any

---

[29] *Johnson v. State,* 1992 WL 183069, at *1 (Del.); *Duhadaway v. State,* 877 A.2d 52 (Del. 2005).

issue desired to be raised in a timely filed motion, any attempt at this late juncture to raise, re-raise or re-couch a claim is procedurally barred.

38.     Stephenson has failed to meet the pleading requirements for proceeding with the subject motion and, therefore, this motion should be summarily dismissed. Stephenson's motion is also time-barred and otherwise procedurally barred.

39.     Stephenson's request to stay these proceedings pending a submission to the Delaware Supreme Court that the *Taylor* decision be applied retroactively to him is denied.  The *Taylor* decision is not applicable to Stephenson.

40.     Stephenson's request for the appointment of counsel is denied.  Stephenson has not met the pleading requirements allowing him to proceed with this second Rule 61 motion.

41.     Stephenson's request for an evidentiary hearing is denied.  Following a full, comprehensive and thorough review of the evidentiary record, it does not appear that an evidentiary hearing will aid in the resolution of this motion and is denied.

For all of the foregoing reasons, Stephenson's second (and any other pending) motion for postconviction relief should be DENIED, his request for a stay of these proceedings should be DENIED, his request for the appointment of counsel should be DENIED, and his request for an evidentiary hearing should be DENIED.


**IT IS SO RECOMMENDED.**


/s/ Lynne M. Parker
Commissioner Lynne M. Parker


cc:    Prothonotary
Kathryn A.C. van Amerongen, Esquire