# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. ID. No. 0002019767 |
| | ) | |
| KUSHAL SHAH, f/k/a | ) | |
| GERRON M. LINDSEY, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: February 4, 2020
Decided: January 11, 2023

## COMMISSIONER'S REPORT AND RECOMMENDATION ON DEFENDANT'S THIRTEENTH MOTION FOR POSTCONVICTION RELIEF

Elizabeth McFarlan, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware, Attorney for the State.

Herbert W. Mondros, Esquire, Rigrodsky Law, P.A., Wilmington, Delaware, Attorney for Defendant.

**O'CONNOR,** Commissioner

This 11th day of January, 2023, upon consideration of the parties' pleadings related to Defendant's Thirteenth Motion for Postconviction Relief and the record in this matter, the following is my Report and Recommendation.

## BACKGROUND

Defendant, Kushal Shah, f/k/a Gerron Lindsey, plead Guilty But Mentally Ill ("GBMI") in June of 2002 to one count of First Degree Murder. In consideration of accepting the plea, the State agreed to not seek the death penalty, and entered a nolle prosequi on the remaining ten counts of the Indictment.

Defendant did not file a direct appeal. He has, however, persistently filed, in State and Federal Court, Petitions for a Writ of Habeas Corpus, Writs of Mandamus, Appeals, Motions for Reconsideration, Motions to Correct an Illegal Sentence, Motions to Withdraw Guilty Pleas, and twelve prior Motions for Postconviction Relief. Defendant was represented by counsel for several of his post-conviction filings, including the one now pending before the Court.

Because Defendant has inundated the Delaware State Courts with repetitive Motions for Postconviction Relief, the Superior Court, after rejecting Defendant's ninth and tenth Motions, directed that Defendant was prohibited from filing any further Motions without prior court approval.[1]

---

[1] *State v. Lindsey*, 2014 WL 1677350, at *1 (Del. Super. Apr. 9, 2014); *State v. Lindsey*, 2015 WL 5675838, at *2 (Del. Super. Sept. 10, 2015).

1

The Delaware Supreme Court has also taken notice of Defendant's proclivity for filing successive postconviction motions. In its Orders affirming the judgment of the Superior Court related to Lindsey's tenth and eleventh Motions for Postconviction Relief, the Delaware Supreme Court advised Defendant that it would not continue to invest scarce judicial resources in addressing repetitive postconviction claims.[2]

Undeterred, on February 5, 2020, Defendant filed a thirteenth Motion for Postconviction Relief in which he concedes he is procedurally barred from presenting the claim.[3] Nonetheless, Defendant argues the "unusual facts of this case" require that (a) the procedural bar in Superior Court Criminal Rule 61(d)(2) be waived, and (b) "the rule announced in *Taylor v. State*[4] be applied retroactively and Defendant's conviction and sentence should be reversed, because Defendant's GBMI plea did not comply with the requirements of 11 *Del. C.* § 408(a), since Defendant was not permitted to withdraw his GBMI plea before his second GBMI hearing."[5]

---

[2] *Shah v. State*, 2015 WL 9436813, at *2 (Del. Dec. 22, 2015); *Shah v. State*, 2018 WL 2110995, at *1 (Del. May 7, 2018).

[3] Defendant concedes "[t]he instant motion is Defendant's thirteenth motion for post-conviction. Because he momentarily pled GBMI as a mentally ill eighteen-year-old and was not convicted after a trial, he is procedurally barred from relief on successive motions." Docket Item ("DI") 285, Defendant's Motion for Leave to File an Amended Rule 61 Motion for Postconviction Relief (hereinafter "Defendant's Motion"), p. 5.

[4] *Taylor v. State*, 213 A.3d 560 (Del. July 8, 2019).

[5] Defendant's Motion, p. 5-6.

For the following reasons, I recommend Defendant's thirteenth Motion for Postconviction Relief be summarily dismissed.

## DEFENDANT'S RULE 61 MOTION

Before considering the merits of a defendant's postconviction claims, the Court must first determine whether there are any procedural bars to the motion.[6] After reviewing Defendant's submissions, it is evident that the thirteenth Motion for Postconviction Relief must be summarily dismissed pursuant to Superior Court Criminal Rule ("Rule") 61(d)(2) because it is procedurally barred and it plainly appears, after considering the record in the case and prior proceedings, that the movant is not entitled to relief.[7]

**I.      Defendant's Thirteenth Motion is repetitive and therefore procedurally barred pursuant to Rule 61(i)(2).**

Rule 61(i)(2)(i) does not allow for the filing of successive postconviction motions. Specifically, the Rule states:

> (2) Successive motions.
>     (i) No second or subsequent motion is permitted under this Rule unless the second or subsequent motion satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this Rule.

Rule 61(d)(2)(i-ii), referenced in Rule 61(i)(2), provides as follows:

---

[6] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[7] *Id.*, *see also Paul v. State*, 2011 WL 3585623, at *1 (Del. Aug. 15, 2011) ("Delaware law provides that the Superior Court must first consider whether the defendant has satisfied the procedural requirements of Rule 61 before considering the merits of his postconviction motion.")

3

(d) Preliminary consideration . . .

    (2) Second or subsequent postconviction motions.

        A second or subsequent motion under this rule shall be summarily dismissed, unless the movant ***was convicted after a trial*** and the motion either:

        (i) Pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or

        (ii) Pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.[8]

This is Defendant's **thirteenth** Motion for Postconviction Relief. As the State noted, there is no provision in Rule 61 which allows for a successive postconviction motion after a guilty plea. The majority of Defendant's prior motions for postconviction relief have been summarily dismissed due to procedural bars. Like the motions that have proceeded it, this motion is repetitive, procedurally barred and subject to summary dismissal for failing to satisfy the procedural hurdle of Rule 61(i)(2)(i).

## II.     <u>Even if the procedural bar of Rule 61(i)(2)(i) was waived, Defendant cannot meet the pleading requirements of Rule 61(d)(2)(ii).</u>

Defendant acknowledges his postconviction motion is procedurally barred pursuant to Rule 61(i)(2), as it is a successive motion and his conviction is the result of a plea. But, Defendant asserts he is entitled to a waiver of the procedural bar

---

[8] Super. Ct. Crim. R. 61(d)(2)(i-ii) (emphasis added).

4

because of the "unusual facts of this case." His claim goes, if the procedural bar is waived, he can argue that the Delaware Supreme Court's decision in *Taylor v. State* constitutes a new rule of constitutional law which should be made retroactive to cases on collateral review by the Delaware Supreme Court. It does not, and Defendant's argument is briefly addressed below.

A plain reading of Rule 61(i)(2) in conjunction with Rule 61(d)(2) demonstrates Defendant's claim must be summarily dismissed. As Defendant concedes, the rule only applies to defendants who were convicted ***after a trial***.[9] In 2002, Defendant resolved his case with a plea. Therefore, his claim is procedurally barred, and Rule 61(d)(2) directs that his claim "shall be summarily dismissed."[10]

Defendant's assertion that the procedural bar of being "convicted after a trial" can be waived by the Court is contrary to the plain language of Rule 61 and Delaware law.[11] The Delaware Supreme Court has applied Rule 61(d)'s conviction after trial provision to affirm the judgment of the Superior Court in denying *at least two of Defendant's prior postconviction motions*.[12]

---

[9] Super. Ct. Crim. R. 61(d)(2)(i) (emphasis added).

[10] Super. Ct. Crim. R. 61(d)(2).

[11] As this Court previously concluded, "to protect the procedural integrity of Delaware's Rules, this Court will not consider the merits of a postconviction claim that fails *any* of Rule 61's procedural hurdles." *State v. Page*, 2009 WL 1141738 at *13 (Del. Super. Apr. 28, 2009) (emphasis added).

[12] See *Shah*, 2015 WL 9436813, at *2 ("Under Rule 61(d)(2), summary dismissal of Shah's postconviction was appropriate because it was his tenth motion for postconviction relief after a guilty plea, not a trial."); *also see Shah v. State*, 2019 WL 3069662, at *1 & n. 3 (Del. July 12,

5

Assuming *arguendo* that the Rule's "conviction after trial" requirement were waived, *Taylor* does not create a new rule of constitutional law which was made retroactive to cases on collateral review by the Delaware Supreme Court.[13]

Defendant argues *Taylor* stands for the proposition that a defendant entering a GBMI plea has a right to withdraw his plea, pursuant to 11 *Del. C.* § 408(a), at any time before the second GBMI hearing.[14] Defendant mis-states the Delaware Supreme Court's holding in *Taylor*. In *Taylor*, the Delaware Supreme Court held that a defendant entering a GBMI plea has "an absolute right to withdraw a guilty but mentally ill plea before the plea is accepted by the court."[15] It just so happened in *Taylor* that the Superior Court did not accept Taylor's plea until the second GBMI hearing. The triggering event for when a defendant, entering a GBMI plea, can no longer withdraw that GBMI plea for any reason whatsoever is when the Court accepts the defendant's plea. It is not up to the time preceding a second GBMI hearing.

In *Taylor*, the defendant appeared before the Court to plead guilty but mentally ill to two offenses: manslaughter and possession of a deadly weapon during the commission of a felony.[16] On October 13, 2017, the Court began

---

2019) (With regard to Defendant's twelfth postconviction motion, he "was not convicted after trial and did not satisfy the requirements of Superior Court Criminal Rule 61(d)(2).").

[13] Super. Ct. Crim. R. 61(d)(2)(i).

[14] D.I. 285, Defendant's Motion, p. 5-6.

[15] *Taylor*, 213 A.3d at 568.

[16] *Id*. at 564.

defendant Taylor's initial GBMI plea hearing.[17] Understanding more than one hearing was necessary to comply with 10 *Del. C.* § 408(a), the Court at Taylor's first GBMI hearing conferred with counsel and conducted a plea colloquy, but deferred accepting Taylor's plea until the second GBMI hearing.[18]

As planned, the plea colloquy at the first GBMI hearing concluded without the Court accepting Taylor's plea.[19] The day after Taylor's first GBMI hearing, Taylor wrote to counsel, informed counsel he wanted to withdraw the plea, and asked counsel to file a motion to withdraw.[20] Trial counsel refused to submit a motion to withdraw, because counsel believed the plea was in Taylor's best interest. Taylor then made several *pro se* requests to withdraw the plea before and during the second GBMI hearing, some presented directly to the Court.[21]

On January 9, 2018, Taylor appeared before the Superior Court for the second GBMI hearing. At that second hearing, the Court intended to (a) review the presentence investigation report and any other relevant reports; (b) determine whether the evidence established Taylor was mentally ill at the time of the offense; (c) accept Taylor's GBMI plea; and (d) impose a sentence.[22] But, at the second

---

[17] *Id.*

[18] *Id.*

[19] The Court discussed the requirements of § 408(a) with counsel and it was agreed that the Court would proceed by conducting the hearing, but defer accepting the plea until sentencing, when the Court would have the presentence report. *Id.*

[20] *Id.*

[21] *Id.* at 564-65.

[22] *Id.* at 564-66.

GBMI hearing, Taylor told the Court he wanted to withdraw the plea prior to the Court accepting it.[23] The Court did not consider Taylor's request to withdraw the plea because Taylor was represented by counsel, and the Court concluded Rule 47 only permitted Taylor's attorney to move to withdraw the plea.[24] Taylor's attorney declined Taylor's request to move to withdraw, so the motion to withdraw was neither presented by counsel nor ruled upon by the Court. The Court then accepted Taylor's GBMI plea as knowing, intelligent and voluntary, concluded Taylor suffered from a mental illness at the time of the offense, and sentenced him.[25]

On appeal, the Delaware Supreme Court reversed, concluding:

[t]he court should also have permitted Taylor to withdraw his plea at the second hearing. While Rule 47 allows a court to disregard pro se filings from defendant's represented by counsel, plea proceedings are governed by Superior Court Criminal Rule 11. Rule 11 requires an extensive colloquy directly between the trial judge and the defendant where the trial judge seeks to determine whether the guilty plea is offered knowingly, intelligently and voluntarily. At the January 9, 2018 hearing, Taylor asked to withdraw his guilty plea offer and thus could not have offered his plea voluntarily. *Because the court had not yet accepted Taylor's plea*, it should have acknowledged that Taylor was withdrawing his offer to plead guilty and let the case go to trial.[26]

---

[23] *Id.* at 565-66.
[24] *Id.* at 565. Rule 47 provides, in pertinent part:
    The court will not consider pro se applications by defendants who are represented by counsel unless the defendant has been granted permission to participate with counsel in the defense. Super. Ct. Crim. R. 47.
[25] *Taylor*, 213 A.3d at 565-66.
[26] *Id.* at 569-70 (emphasis added).

8

Taylor had an absolute right to withdraw the GBMI plea until the moment the Court accepted Taylor's plea during the second GBMI hearing.[27] This holding was "consistent with the rules of other courts generally applicable to any plea not yet accepted by the court . . .."[28] It was not a new rule of constitutional law made retroactive to cases on collateral review by the Delaware Supreme Court, and the Court's opinion is consistent with Rule 11(d), which requires the Superior Court insure a Defendant's plea is a voluntary act in every Superior Court plea.[29] *Taylor* simply clarified the application of 11 *Del. C.* § 408(a) in the context of a Rule 11 plea and a defendant's Sixth Amendment Autonomy Interest in entering a GBMI plea.

In contrast to *Taylor*, on April 9, 2002, Defendant appeared before the Court to enter a GBMI plea. During the first GBMI hearing, the Court reviewed with Defendant his answers to the TIS Guilty Plea form – specifically where he indicated he voluntarily decided to plead guilty to the charge and "was not under the influence

---

[27] *Id.* at 569.

[28] *Id.* at 568. Pursuant to Superior Court Criminal Rule 11(d), the Superior Court must be satisfied that every plea is voluntarily entered before it is accepted. See *infra* n. 29.

[29] Super. Ct. Crim. R. 11(d) provides:
   (d) Insuring That the Plea Is Voluntary.
   The court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the attorney general and the defendant or the defendant's attorney.

of alcohol or drugs at the time he signed the guilty plea form that affected his ability to know and understand the charge against him."[30] Defendant also advised the Court he was taking medications for depression and sleep, he understood he was pleading guilty to Murder First Degree, and he would receive a life sentence.[31] Importantly, "the Court was able to witness Defendant's demeanor during the plea colloquy and found him to be alert and that he verbally answered all questions in an appropriate manner."[32] The Court completed a comprehensive plea colloquy with Defendant and on April 9, 2002, *at the conclusion of the first GBMI hearing*, the court accepted Defendant's plea as a knowing, intelligent and voluntary decision.[33]

The Court accepted Defendant's GBMI plea on April 9, 2002. Thereafter, on April 17, 2002, at Defendant's request, counsel filed a Motion to Withdraw Guilty Plea.[34] On May 22, 2002, after considering counsel's submissions and conducting a review of the record, the Court denied Defendant's Motion.[35]

---

[30] *State v. Lindsey*, 2002 WL 1463103, at *1 (Del. Super. May 21, 2002*)*.
[31] *Id.* at *2.
[32] *Id.*
[33] DI 54, April 9, 2002 Plea Colloquy Transcript, p. 12, l. 2-4. Defendant's Motion claims his plea was "not fully accepted until the second hearing." DI 285, Defendant's Motion, p. 6. The record evidence before the Court directly contradicts Defendant's claim.
[34] DI 53. Defendant's Motion to Withdraw Plea, p.1, ¶ 1-3. Defendant's Motion claimed he was a patient at the Delaware State Hospital at the time of the plea; he was receiving medication which affected his ability to understand what he was doing, and as a result of the medication, he was unable to appreciate his plea. *Id.*
[35] *Lindsey*, 2002 WL 1463103, at *1.

On June 27, 2002, the Court convened the second GBMI hearing. At that hearing, the Court concluded Defendant suffered from a mental illness at the time of the offense and his guilty plea was supported by substantial evidence.[36] The Court then sentenced the Defendant.[37] The procedure followed by the Superior Court in 2002 when it entered a GBMI plea pursuant to 11 *Del. C.* §408(a) is in complete accord with the guidance the Delaware Supreme Court provided for entering a GBMI plea in *Taylor* in 2019.[38]

Defendant's claim is procedurally barred and requires summary dismissal. Moreover, Defendant misinterprets the holding in *Taylor* and asserts facts not supported by the record. Pursuant to *Taylor*, the right to withdraw a GBMI plea expires once the Court accepts a defendant's GBMI plea, not, as Defendant argues, at any time before the second GBMI hearing.[39]

---

[36] DI 115, June 27, 2002 Sentencing Transcript, p. 19, l. 1-6.
[37] *Id.*, p. 19, l. 22 – p. 20, l.7.
[38] *Taylor*, 213 A.3d at 569, n. 45. ("For future guidance, we interpret the statute as follows. *A defendant can plead guilty but mentally ill to a crime, and the court can accept the plea in the same hearing after finding under Superior Court Criminal Rule 11 that the defendant's plea is made knowingly, intelligently, and voluntarily.* But, the court should defer adjudicating the defendant guilty but mentally ill of the crime until after it holds a hearing where the sole issue is the defendant's mental illness. As part of the evidence at the second mental illness hearing, the court should consider the presentence investigation. After the second hearing, if the court is satisfied that the requirements of § 408(a) have been met, the court should adjudicate the defendant guilty but mentally ill of the offense and impose sentence. If the statutory requirements are not met, the court should strike the plea or allow the defendant to withdraw it." (emphasis added.))
[39] *Id.* at 568-69.

11

**III.** **Defendant should be prohibited from filing meritless motions.**

This Court and the Delaware Supreme Court have admonished Defendant for compromising the Court's resources and filing repetitive and meritless motions for postconviction relief. Absent the implementation of an amendment to Superior Court Criminal Rule 61(i) that would be retroactively applied to Defendant's case and allow him to avoid the procedural bars identified *infra*, any future postconviction motion is procedurally barred and subject to summary dismissal. Because the Defendant conceded that his Motion is procedurally barred absent a waiver, he cannot in any future circumstance overcome Rule 61(i)(2)'s procedural bar. Defendant should be ordered to not file future Motions for Postconviction Relief without first obtaining leave of the Court. The thirteenth Motion For Postconviction Relief should be summarily dismissed.

## CONCLUSION

For all of the foregoing reasons, the Motion for Leave to File An Amended Rule 61 Motion for Postconviction Relief should be **DENIED**; Defendant's thirteenth Motion for Postconviction Relief should be **SUMMARILY DISMISSED**; and the Court should **ORDER** Defendant not file future Motions for Postconviction Relief without first obtaining leave of the Court.

**IT IS SO RECOMMENDED.**


/s/ Martin B. O'Connor
Commissioner Martin B. O'Connor

oc: Prothonotary
cc: Elizabeth McFarlan, Esquire
     Herbert W. Mondros, Esquire