IN THE SUPREME COURT OF THE STATE OF DELAWARE

GERRON LINDSEY, §
§
    Defendant Below, § No. 139, 2023
    Appellant, §
§ Court Below—Superior Court
    v. § of the State of Delaware
§
STATE OF DELAWARE, § Cr. ID No. 0002019767 (N)
§
    Appellee. §

Submitted: September 18, 2023
Decided: November 28, 2023

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## ORDER

After consideration of the brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the Superior Court record, it appears to the Court that:

(1)    A grand jury indicted the appellant ("Shah")[1] for first-degree murder, attempted first-degree murder, first-degree robbery, attempted first-degree robbery, and multiple weapons offenses. The charges arose from the robbery of a corner grocery store in Wilmington on February 27, 2000, and the shooting of its two

---

[1] At the time of the offenses at issue, the appellant was known as Gerron Lindsey; he is now known as Kushal Shah.

owners, one of whom died.[2] At the time of the crime, Shah had recently turned eighteen.

(2) The State initially pursued the death penalty. Before trial, the State made a plea offer under which Shah would plead guilty to first-degree murder and the State would drop the other charges and not seek the death penalty.[3] Shah refused the offer. During jury selection, the State presented a revised plea offer under which Shah would plead guilty but mentally ill ("GBMI") to first-degree murder in exchange for dismissal of the other charges and a life sentence.[4] The Superior Court held a plea colloquy with Shah on April 9, 2002, and accepted his GBMI plea.[5] The court "ordered a presentence investigation and an evidentiary hearing to establish the foundation for the Defendant's plea of guilty but mentally ill."[6]

---

[2] *Lindsey v. State*, 2003 WL 98784, at *1 (Del. Jan. 7, 2003).

[3] *Lindsey v. State*, 2014 WL 98645, at *1 (Del. Jan. 9, 2014).

[4] *Id.*

[5] *See State v. Lindsey*, Cr. ID No. 0003019767, Plea Colloquy Transcript, at 12:2-7 (Del. Super. Ct. Apr. 9, 2002) ("The Court then finds that this plea has been made knowingly and intelligently, freely and voluntarily. And the Court accepts the plea. A presentence investigation is ordered, and a hearing will be set up with respect to the issue of your mental illness at the time of the incident."); *see also State v. Lindsey*, 2002 WL 1463103, at *1 (Del. Super. Ct. May 21, 2002) (stating that on April 9, 2002, "the Court accepted Defendant's guilty plea").

[6] *Lindsey*, 2002 WL 1463103, at *1. *See* 11 *Del. C.* § 408(a) (effective June 11, 2001 to July 8, 2008) ("Where a defendant's defense is based upon allegations which, if true, would be grounds for a verdict of 'guilty, but mentally ill' or the defendant desires to enter a plea to that effect, no finding of 'guilty, but mentally ill' shall be rendered until the trier of fact has examined all appropriate reports (including the presentence investigation); has held a hearing on the sole issue of the defendant's mental illness, at which either party may present evidence; and is satisfied that the defendant was in fact mentally ill at the time of the offense to which the plea is entered. Where the trier of fact, after such hearing, is not satisfied that the defendant was mentally ill at the time of the offense, or determines that the facts do not support a 'guilty, but mentally ill' plea, the trier of fact shall strike such plea, or permit such plea to be withdrawn by the defendant. A defendant

2

(3) On April 15, 2002, the Superior Court received a handwritten letter from Shah stating that he had "come down off [his] medication" and realized that he had "signed a plea to life imprisonment."[7] He asked the court to allow him to withdraw his plea. The court referred the letter to Shah's counsel. On May 6, 2002, Shah's counsel filed a motion to withdraw as counsel and a motion to withdraw the plea. The motion to withdraw as counsel stated that counsel had explained to Shah that, in counsel's professional opinion, withdrawal of the plea was not in Shah's best interest and had asked Shah to reconsider seeking to withdraw the plea. The motion stated that, after further consideration, Shah still wanted to withdraw the plea. Counsel therefore sought to withdraw as counsel on the grounds that the motion to withdraw the plea lacked merit and counsel could not pursue it in good faith. The motion to withdraw the plea sought withdrawal of the plea on the grounds that Shah was receiving medication when he entered his plea that affected his ability to understand what he was doing. On May 21, 2002, the Superior Court denied the motion to withdraw the plea on the merits, finding that Shah had knowingly and voluntarily entered the GBMI plea and that he had failed to establish a basis for

---

whose plea is not accepted by the trier of fact shall be entitled to a jury trial, except that if a defendant subsequently waives the right to a jury trial, the judge who presided at the hearing on mental illness shall not preside at the trial.").

[7] *State v. Lindsey*, Cr. ID No. 0003019767, Docket Item No. 49.

withdrawal of the plea.[8]  The court also denied counsel's motion to withdraw, and counsel continued to represent Shah through sentencing.

(4)    On June 27, 2002, the Superior Court held a hearing at which it heard testimony from the forensic psychiatrist at the Delaware Psychiatric Center regarding the issue of Shah's mental illness.  At the conclusion of that hearing, the Superior Court found that "it is clear that the defendant suffered at the time of the incident in question from a mental illness[] and, therefore, his guilty b[ut] mentally ill plea is supported by substantial evidence"[9] and imposed a life sentence.

(5)    Over the years, Shah has filed numerous motions for postconviction relief, in which he has unsuccessfully asserted various challenges to his GBMI plea.  For example, in Shah's appeal from the Superior Court's denial of his first motion for postconviction relief, this Court held in 2003 that Shah's claim that medication prevented him from entering a voluntary plea was refuted by the record.[10]  The Court wrote:

> The transcript of the plea hearing reflects that the Superior Court judge questioned Lindsey closely concerning the medication he was taking and whether it would have any impact on the entry of his plea.  Lindsey told the Superior Court that he was taking medications for "depression and sleep," but that he understood the charge against him, had discussed the plea with his counsel, understood that he could be sentenced to life in prison without parole and wished to enter a plea of guilty but mentally ill.  Based upon its colloquy

---

[8] *Lindsey*, 2002 WL 1463103, at *1-2.

[9] *State v. Lindsey*, Cr. ID No. 0003019767, Hearing Transcript, at 19:2-6 (Del. Super. Ct. June 27, 2002).

[10] *Lindsey*, 2003 WL 98784, at *1.

with Lindsey, the Superior Court accepted his plea as knowing and voluntary.[11]

(6) This appeal arises from the Superior Court's dismissal of Shah's thirteenth motion for postconviction relief on the grounds that the motion is procedurally barred by subsections (d)(2) and (i)(2) of Superior Court Rule of Criminal Procedure 61. On appeal, Shah's counsel has filed a brief and motion to withdraw under Supreme Court Rule 26(c). Recognizing the Rule 61 procedural bars, counsel asserts that, based upon a conscientious review of the record and the law, no arguably appealable issues exist. Counsel informed Shah of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and the accompanying brief. Counsel also informed Shah of his right to supplement counsel's brief by stating in writing any points he would like the Court to consider. Shah has raised points for the Court's consideration. The State has responded to the Rule 26(c) brief and argues that the Superior Court's judgment should be affirmed.

(7) In the opening brief under Rule 26(c), counsel states that "[t]here can be no doubt" that the Superior Court correctly determined that Shah's claims are procedurally barred because the motion for postconviction relief is successive and Shah "was not convicted after a trial but rather pled guilty but mentally ill."[12] Counsel argues, however, that the procedural bar should be waived and Shah should

---

[11] *Id.*
[12] Opening Brief at 11-12.

be permitted to withdraw his GBMI plea and proceed to trial under *Taylor v. State*.[13] In his points submitted under Rule 26(c), Shah similarly asserts that he should be permitted to "bypass" the procedural bars based on *Taylor*. He also argues that the procedural bars are inapplicable because his claim is that the Superior Court lacked jurisdiction to accept his GBMI plea because the court did not follow the procedures established by 11 *Del. C.* § 408(a).

(8)     When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must (i) be satisfied that counsel has made a conscientious examination of the record and the law for arguable claims, and (ii) conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[14]

(9)     We have carefully reviewed the record and determined that Shah's appeal is wholly without merit. Superior Court Criminal Rule 61(d)(2) provides that a "second or subsequent motion under this rule shall be summarily dismissed, unless the movant was convicted after a trial and the motion" pleads with particularity either

---

[13] 213 A.3d 560 (Del. 2019).

[14] *Jackson v. State*, 2015 WL 6693665, at *2 (Del. Nov. 2, 2015) (citing *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996)); *see* DEL. SUPR. CT. R. 26(c) (establishing procedures for filings by counsel who, "after a conscientious examination of the record and the law, concludes that an appeal is wholly without merit," and providing that "the Court shall determine, without oral argument, whether the appeal, on its face, is wholly without merit").

that (i) "new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted" or (ii) "a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid."[15] Shah asserts that his motion should not have been subject to summary dismissal because *Taylor* created a new rule of constitutional law that should be retroactively applied to render his conviction invalid.

(10) In *Taylor*, the defendant "appeared before a Superior Court judge and offered to plead guilty but mentally ill."[16] The court conducted a plea colloquy but deferred accepting the plea until a later sentencing hearing, when the court would have the presentence investigation report.[17] The day after the plea colloquy, Taylor told his counsel to withdraw his plea, but his counsel refused. Taylor then made *pro se* requests to withdraw his plea, which the court would not consider because Taylor had counsel. At the sentencing hearing, Taylor again sought to withdraw his plea, and the court refused to consider the request because Taylor had counsel. The court

---

[15] DEL. SUPER. CT. CRIM. R. 61(d)(2); *see also id.* R. 61(i)(1)-(5) (barring untimely motions, successive motions, and motions that assert grounds for relief that are procedurally defaulted or formerly adjudicated, unless they satisfy the pleading requirements of Rule 61(d)(2)(i) or (ii)).
[16] 213 A.3d at 562.
[17] *Id.*

7

then accepted the GBMI plea and imposed the sentence.[18]  On direct appeal, Taylor argued that the Superior Court failed to comply with 11 *Del. C.* § 408(a) because it did not hold a hearing on the "sole issue" of Taylor's mental illness.[19]  Taylor also argued that defense counsel's refusal to move to withdraw the plea before the court accepted it, and the court's refusal to consider his *pro se* requests to withdraw the plea, violated his Sixth Amendment autonomy interest.

(11)  "[N]avigat[ing] this unusual sequence of events," this Court determined that Taylor had waived his objection to the Superior Court's failure to hold a hearing on the "sole issue" of his mental illness.[20]  But the Court held that "defense counsel's refusal to withdraw Taylor's plea violated Taylor's Sixth Amendment autonomy interest to decide the objective of his defense."[21]  Because Taylor objected "[b]efore the court accepted Taylor's plea," the Court held that his plea was not entered voluntarily.[22]

(12)  *Taylor* does not overcome the procedural bars to Shah's successive motion for postconviction relief.  Shah cannot satisfy Rule 61(d)(2)(ii) because he

---

[18] *Id.* at 563.

[19] *Id.*; *see also id.* at 566 (describing the "procedure to plead guilty but mentally ill" as set forth in Section 408(a), including the statutory provision that the court will not render a GBMI finding until the trier of fact "'has held a hearing on the sole issue of the defendant's mental illness'" (quoting 11 *Del. C.* § 408(a))).

[20] *Taylor*, 213 A.3d at 563.

[21] *Id.*

[22] *Id.*

was not "convicted after a trial"[23]—rather, he pleaded guilty but mentally ill.[24]

Moreover, Shah has not shown that *Taylor* established a new rule of constitutional law that applies retroactively to his case and renders his conviction invalid. Unlike in *Taylor*, (i) the Superior Court found during the plea colloquy that Shah's plea was made knowingly, intelligently, and voluntarily and accepted the plea, rather than deferring acceptance to a later hearing,[25] (ii) counsel later filed a motion to withdraw the plea in order to comply with Shah's desire to withdraw the plea, and (iii) the court considered and rejected Shah's motion to withdraw the plea on the merits.[26]

---

[23] DEL. SUPER. CT. CRIM. R. 61(d)(2).

[24] *See Wonnum v. State*, 2023 WL 329272 (Del. Jan. 19, 2023) (affirming summary dismissal of successive motion for postconviction relief—despite appellant's argument that *Reed v. State*, 258 A.3d 807 (Del. 2021), created a new, retroactive rule of constitutional law that rendered his conviction following his guilty plea invalid—because the defendant had not gone to trial but had pleaded guilty).

[25] Contrary to Shah's contention, this Court in *Taylor* did not hold that "under Delaware's GBMI statute, the plea can only be accepted after a second hearing where the sole issue is the defendant's mental illness." Opening Brief at 19-20 (internal quotations omitted). *See Taylor*, 213 A.3d at 569 n.45 ("For future guidance, we interpret the statute as follows. A defendant can plead guilty but mentally ill to a crime, and the court can accept the plea in the same hearing after finding under Superior Court Criminal Rule 11 that the defendant's plea is made knowingly, intelligently, and voluntarily. But, the court should defer adjudicating the defendant guilty but mentally ill of the crime until after it holds a hearing where the sole issue is the defendant's mental illness. As part of the evidence at the second mental illness hearing, the court should consider the presentence investigation. After the second hearing, if the court is satisfied that the requirements of § 408(a) have been met, the court should adjudicate the defendant guilty but mentally ill of the offense and impose sentence. If the statutory requirements are not met, the court should strike the plea or allow the defendant to withdraw it.").

[26] *Cf. Kane v. State*, 2020 WL 2530218, at *3 (Del. May 18, 2020) (holding that defendant's claim that the Superior Court accepted his GBMI plea in violation of Section 408(a) did not overcome the Rule 61 procedural bars to his third motion for postconviction relief and distinguishing *Taylor* because Kane did not file a direct appeal or challenge the Superior Court's compliance with Section 408(a) until four years after sentencing and did not ask his counsel to withdraw the plea or otherwise seek to withdraw the plea until years after he was sentenced).

Shah's argument that the Superior Court lacked jurisdiction because it failed to comply with Section 408(a) also is without merit.[27]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

Notably, as the Superior Court observed in its order that is the subject of this appeal, *State v. Shah*, 2023 WL 2770268, at \*4 (Del. Super. Ct. Apr. 4, 2023), the court denied Shah's plea withdrawal motion on the same day that the court received another handwritten note from Shah stating, "I do wanna go along with my guilty but mentally ill plea because I apologize for the life I took[.] I didn't mean it. I'm sorry for shooting the guy it was a mistake and I'm sorry for it." *State v. Lindsey*, Crim. ID No. 0002019767, Docket Item No. 58 (Del. Super. Ct. filed May 21, 2002).

[27] *See Kane*, 2020 WL 2530218, at \*3 ("Kane has not shown that any lack of compliance with § 408(a) resulted in the Superior Court losing jurisdiction.").